Submitted on briefs April 28, affirmed June 16, 1925.

## GEORGE W. HOLCOMB *v.* MIDWAY OIL COMPANY ET AL.

(236 Pac. 1119.)

From Multnomah: GILBERT W. PHELPS, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Martin L. Pipes, Mr. George A. Pipes* and *Mr. John M. Pipes.*

For respondents there was a brief over the names of *Mr. Prescott W. Cookingham, Mr. L. J. Hanley* and *Mr. Guy C. H. Corliss.*

PER CURIAM.—This is an appeal from a decree in favor of the defendants. The plaintiff sued the defendant, Midway Oil Company, to require the secretary of the company to record on the books of the company a certificate of stock held by the plaintiff. It was claimed by the plaintiff that the certificate of stock was issued to W. J. Bruce, one of the promoters and incorporators of the defendant Midway Oil Company. The certificate is No. 385 and bears the date of July 24, 1902. It is claimed by the plaintiff that it was issued while the president of the company and the said Bruce, who was then vice-president of the said company, were in the Mississippi Valley on a mission of selling treasury stock.

The blank spaces on the stub of the certificate were not properly filled. In order to facilitate delivery of stock sold, the secretary of the company, whose office was in San Francisco, signed a book of certificates and attached the corporate seal thereto. The president was not to sign until the stock was sold. Upon a sale the certificates were delivered, the money collected therefor and remitted to the company. No money was ever paid to the company for the 50,000 shares of stock represented by the said certificate, No. 385.

As one of the promoters, 100,000 shares of the capital stock was issued to H. C. Stratton, then secretary of the corporation, in trust for the benefit of the said Bruce. The plaintiff claims that the 50,000 shares of stock represented by certificate No. 385 were carved out of the said 100,000 shares. He also claims that the said Stratton held the shares in trust for the sole purpose of preventing the beneficiary of the stock from selling any part of his shares in competition with the corporation, which was trying to

sell its treasury stock. The defendants contend that the stock was never lawfully issued as claimed by the plaintiff, and the said Bruce procured the stock surreptitiously after securing the signature of the president thereto. It is also claimed by the defendants that the 100,000 shares of stock claimed by the plaintiff to have been owned by said Bruce was held in trust by the said H. C. Stratton for the purpose of securing Charles E. Ladd, one of the stockholders, for money advanced by him for the development of the property owned by the corporation.

At the close of taking the testimony the court, on its own motion, required the defendants, William M. Ladd, A. E. Davis, Loritan Investment Company, H. C. Stratton and William M. Ladd and Sarah E. Ladd, as executors of the estate of Charles E. Ladd, deceased, to be made parties defendant. No claim of error is based upon that order.

The question presented to this court for solution is one of fact entirely. It would serve no good purpose to discuss at length the evidence. We have carefully read and considered it and have concluded that the decree of the Circuit Court is correct. It is, therefore, affirmed.                     AFFIRMED.